UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOSEPH GONZALEZ,

                **Plaintiff,**

     - against -

COMMISSIONER OF SOCIAL SECURITY, ET
AL.,

                **Defendants.**
_____

18-cv-9698 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiff, Joseph Gonzalez, initially brought this action against the defendants, the Commissioner of Social Security[1] and the Social Security Administration, for back-due Social Security benefits. The plaintiff was successful in that action and was awarded back-due benefits in the amount of $67,457.00. ECF No. 21-1, Ex. C.

The plaintiff's counsel now seeks attorney's fees pursuant to 42 U.S.C. § 406(b), requesting 25% of the amount of back-due benefits paid to the claimant as provided for by the statute. For the following reasons, the plaintiff's motion for attorney's fees is **granted**.

---

[1] The current Acting Commissioner of Social Security is Kilolo Kijakazi.

I.

The following facts are taken from the affidavit of the plaintiff's counsel Charles E. Binder, and are undisputed unless otherwise noted.

On November 24, 2014, the plaintiff filed an application for Supplemental Security Income ("SSI") benefits, which was denied. Binder Aff., ECF No. 21, ¶ 1. On June 3, 2015, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on July 6, 2017. The ALJ found that the plaintiff was not disabled. The plaintiff requested that the Appeals Council review the ALJ's decision, but the Appeals Council denied this request. Id.

On October 22, 2018, the plaintiff commenced the current action in federal court. On March 24, 2019, the plaintiff retained counsel to represent him, and signed a retainer agreement providing that "if the [plaintiff's] case is remanded by the United States District Court to the Social Security Administration, and, upon remand, the [plaintiff] is awarded past due benefits . . . , the [plaintiff] will pay [the plaintiff's counsel] up to twenty-five percent (25%) of any award of past due benefits, upon approval of a request for fees by the District Court." Id. ¶ 3.

On May 24, 2019, the plaintiff filed a motion for judgment on the pleadings. ECF No. 13. The parties then agreed to remand

2

the case to the Commissioner of Social Security for further administrative proceedings. ECF No. 16. This Court also awarded the plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,452.87. ECF No. 19.

Upon remand, a second administrative hearing was held on July 2, 2020. On August 4, 2020, the ALJ in the second hearing issued a decision recommending the denial of benefits to the plaintiff. The plaintiff appealed from this recommendation to the Appeals Council, and the Appeals Council remanded the case on January 27, 2022.

On June 10, 2022, a third administrative hearing was held. On July 18, 2022, the ALJ issued a decision finding the plaintiff disabled, and therefore entitled to SSI benefits. Id. ¶ 7.

The plaintiff's counsel represents that, on September 22, 2022, they received notice that the plaintiff's past due benefits totaled $60,606.00. Id. ¶ 13. The plaintiff's counsel calculated 25% of this amount to be $15,151.50, and requested this amount to be paid out of the amount of past due benefits received by the plaintiff under the terms of the retainer agreement signed by the plaintiff. Id. ¶¶ 13-14.

The Government disputes only the total amount of past due benefits owed to the plaintiff. The Government states that the

plaintiff was due back benefits in the amount of $67,457.00, 25%
of which is $16,864.25, and therefore the plaintiff's counsel
underestimated the amount to which they were entitled.

## II.

The Social Security Act provides that "[w]henever a court
renders a judgment favorable to a claimant . . . who was
represented before the court by an attorney, the court may
determine and allow as part of its judgment a reasonable fee for
such representation, not in excess of 25 percent of the total of
the past-due benefits to which the claimant is entitled by
reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Because "a
successful social security claimant evaluates and pays his own
attorney, a court's primary focus should be on the
reasonableness of the contingency agreement in the context of
the particular case." Wells v. Sullivan, 907 F.2d 367, 371 (2d
Cir. 1990).[2] Thus, "§ 406(b) calls for court review of such
arrangements as an independent check, to assure that they yield
reasonable results in particular cases," with the one limit that
"[a]greements are unenforceable to the extent that they provide
for fees exceeding 25% of the past-due benefits." Gisbrecht v.
Barnhart, 535 U.S. 789, 807 (2002).

---

[2] Unless otherwise noted, this Memorandum Opinion and Order
omits all alterations, omissions, emphasis, quotation marks, and
citations in quoted text.

Several factors are considered in evaluating the reasonableness of contingency fee arrangements. Courts should consider "a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022). At bottom, however, district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters . . . ordinarily qualify for highly respectful review." Gisbrecht, 535 U.S. at 808.

Courts should also consider whether a contingency fee award would result in a windfall. To evaluate whether such an award would constitute a windfall, factors to consider are 1) "the ability and expertise of the lawyers," 2) "the nature and length of the professional relationship with the claimant," 3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Fields, 24 F.4th at 854-55.

The contingency fee arrangement is reasonable in this case. Neither party claims that the plaintiff's counsel's representation of the plaintiff has been substandard, and the plaintiff's counsel was instrumental in securing benefits on

5

behalf of the plaintiff as indicated by the administrative
forum's repeated denials of the plaintiff's SSI benefits. Nor
did the plaintiff's counsel unduly delay the matter, and in
fact, the plaintiff's counsel achieved success in reversing the
administrative forum's decision over the course of multiple
hearings and appeals. Finally, there has been no evidence nor
allegation that the plaintiff's counsel acted fraudulently or
overreached when initially making the contingency arrangement.

Nor does the contingency fee provide a windfall for the
plaintiff's counsel. The plaintiff's counsel is "well
experienced in handling social security cases," and there is
little doubt that "Binder & Binder's specialization and
expertise enabled them to operate especially efficiently." Id.
at 854. The plaintiff's counsel, in their accompanying
affidavit, have detailed the hours that their attorneys have
spent working on this case at the federal court level, and have
highlighted their particular expertise in handling Social
Security disability claims. See Binder Aff. ¶¶ 9-12. The
plaintiff's counsel has had a significant relationship with the
plaintiff throughout almost all stages of this litigation,
having been retained after the plaintiff received an initial
denial of the plaintiff's SSI benefits by the administrative
forum, and having pursued the plaintiff's benefits over the
course of multiple hearings and appeals. Nothing indicates that

the plaintiff is dissatisfied by his representation nor by any
of the services provided by his counsel. Finally, it is clear
that, absent counsel, an award of benefits was highly uncertain,
given that the plaintiff engaged in three rounds of hearings and
appeals before the ALJ before finding success in the plaintiff's
action for SSI benefits. Accordingly, the fee requested by the
plaintiff's counsel, 25% of the total amount of back due
benefits, is reasonable.[3]

The Government points out that the application for
attorney's fees may be untimely. A motion for attorney's fees
pursuant to Section 406(b) must be filed "no later than 14 days
after the entry of judgment," Fed. R. Civ. P. 54(d)(2)(B);
Sinkler v. Berryhill, 932 F.3d 83, 87-88 (2d Cir. 2019)
(applying Federal Rule of Civil Procedure 54(d)(2)(B) in the
Section 406(b) context). There is some uncertainty as to whether
the 14-day filing period runs from the time which the claimant,
or the plaintiff's counsel, receives notice from the Social
Security Administration of the benefits calculation. Compare
Sinkler, 932 F.3d at 91 ("[T]he fourteen-day filing period

---

[3] There is uncertainty regarding the appropriate amount from
which to calculate the 25% contingency fee. Because the
Government represents that the total amount of back due benefits
is $67,457.00, and because "[a]ccording to [Social Security
Administration] records, . . . the amount being withheld for the
payment of Section 406(b) fees is $16,864.25," ECF No. 26 at 1 &
n.2, the plaintiff's counsel is entitled to $16,864.25, the
higher of the two disputed amounts.

starts to run when the claimant receives notice of the benefits calculation."), with id. at 88 ("Once counsel receives notice of the benefits award – and, therefore, the maximum attorney's fees that may be claimed – there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing . . . .").

In this case, the plaintiff's counsel received notices from the Social Security Administration on September 13, 2022. See Supp. Binder Aff., ECF No. 29-2, ¶ 2. The first was a Notice of Award dated September 7, 2022, indicating the amount of back due benefits. ECF No. 29-4. However, the Notice of Award did not indicate the amount of the award withheld for anticipated legal fees, and therefore the plaintiff's counsel could not calculate with certainty the amount they were to be paid under the contingency arrangement. The second notice, dated September 8, 2022, informed the plaintiff that the Social Security Administration "withheld [the plaintiff's] SSI of $67,457.00 . . . to pay the NEW YORK CITY HRA ONLY and [the plaintiff's] representative. [The Social Security Administration] will pay the money in the following order until it is gone: the NEW YORK CITY HRA ONLY, [the plaintiff's] representative, and then [the plaintiff]." ECF No. 29-3. Finally, the plaintiff's counsel received a notice dated September 22, 2022 that the net amount of back-due benefits was $60,606.00, from which they calculated

the amount of the award due to them under the retainer agreement. The current motion for attorney's fees was filed on October 7, 2022, 15 days after the plaintiff's counsel the September 22, 2022 notice of the net amount of benefits due to the plaintiff.[4]

It would make little sense to determine whether an application for attorney's fees under Section 406(b) was timely filed based on the date that the claimant received notice of the benefits award. If this were the rule, successful claimants would have a perverse incentive to withhold such notice from their counsel until such a time that any application by counsel for attorney's fees would be untimely. Furthermore, determining timeliness from the date on which counsel first receives notice of the amount of benefits due is far more reasonable given that counsel must calculate the appropriate contingency fee due under any such award — a calculation that counsel can perform only once notice is received as to the claimant's total amount of benefits due.

---

[4] Although Rule 52(d)(2)(B) prescribes a fourteen-day filing period, and the plaintiff filed this motion 15 days after the date of the notice, there is a presumption "that a party receives communications three days after mailing." Sinkler, 932 F.3d at 89 n.5. Accordingly, the motion for attorney's fees was timely filed because it can be presumed that the plaintiff's counsel received the September 22, 2022 notice three days after the notice was dated.

In any event, equitable tolling forecloses any suggestion
that the motion for attorney's fees was filed in an untimely
fashion. "[S]tatutes of limitations are generally subject to
equitable tolling where necessary to prevent unfairness to a
plaintiff who is not at fault for [the plaintiff's] lateness in
filing." Sinkler, 932 F.3d at 88. In this case, it is clear that
neither the plaintiff nor the plaintiff's counsel was at fault
for any alleged untimeliness in their filing an application for
attorney's fees. This is further supported by the plaintiff's
counsel's contention that counsel cannot request fees if they
are "not informed of how much is being withheld[.]" Pl.'s
Supplemental Memo., ECF No. 29, at 2; see Sinkler, 932 F.3d at
88 ("Th[e] [equitable tolling] principle sensibly applies to
Rule 54(d)(2)(B)'s limitations period because parties who must
await the Commissioner's award of benefits on remand cannot be
expected to file an application for attorney's fees that are
statutorily capped by the amount of an as-yet-unknown benefits
award."). Accordingly, regardless of whether timeliness is
determined from the date on which the plaintiff, or the date on
which the plaintiff's counsel, receives notice of an award of
benefits, equitable tolling would apply in this case to find
that the current application for attorney's fees under Section
406(b) was timely filed.

III.

Finally, the plaintiff's counsel has already been awarded attorney's fees under the EAJA in the amount of $4,452.87. ECF No. 19. The plaintiff's counsel must return the lesser amount of any two awards of attorney's fees awarded under Section 406(b) and the EAJA where those fees were awarded for the same work. See Gisbrecht, 535 U.S. at 798 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."). Accordingly, the plaintiff's counsel must refund $4,452.87 to the plaintiff, because it is the lesser of the amounts due to the plaintiff's counsel under both the EAJA and Section 406(b).

### CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for attorney's fees is **granted**. The plaintiff's counsel is to be awarded $16,864.25 pursuant to 42 U.S.C. § 406(b), which is 25% of $67,457.00, the total amount of back-due benefits received by the plaintiff. The plaintiff's counsel should refund $4,452.87,

11

the amount the plaintiff's counsel received under the EAJA, to

the plaintiff. The Clerk is directed to close Docket No. 20.

**SO ORDERED.**

Dated:     New York, New York
           December 20, 2022

                                        John G. Koeltl
                                 United States District Judge

12